IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-184-D

| | | |
|---|---|---|
| VICKEY Y. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On January 19, 2012, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 25]. In the M&R, Judge Webb recommended that the court deny Vickey Davis's ("Davis" or "plaintiff") motion for judgment on the pleadings [D.E. 16], grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 21], and affirm the final decision of the Commissioner. On February 2, 2012, plaintiff filed objections to the M&R [D.E. 26]. The Commissioner did not respond to plaintiff's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. §636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the disputed portions of the M&R. Under the Social Security Act, 42 U.S.C. § 405(g), a district court reviewing the Commissioner's final decision to award or deny disability benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence "is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court has reviewed the M&R, the record, and the objections de novo. Davis argues that the Administrative Law Judge ("ALJ") erroneously failed to consider whether Davis's cervical degenerative disc disease was a severe impairment and erroneously failed to consider this alleged condition when assessing Davis's residual functional capacity ("RFC"). See Pl.'s Obj. 1–2. In support, Davis states that (among her many physical complaints) she has complained about neck

2

pain, causing doctors to take x-rays and an MRI of her back. Id. 2. Davis then argues that she testified before the ALJ about this neck pain and numbness in her arms and fingers and asserts that these symptoms are consistent with cervical degenerative disc disease. Id.

The administrative transcript shows that the ALJ carefully considered all of the medical evidence. See Tr. 11–26. The medical evidence included the June 9, 2006 opinion of a state agency consulting physician that no impairments limited Davis's RFC, id. 395–402,[1] the results of a November 16, 2006 MRI where a physician noted a possible diagnosis of "chronic right paracentral disc herniation with osteophytes and resulting cervical spinal cord contact[,]" id. 353, and the opinion of a treating physician that an August 23, 2007 x-ray of Davis's cervical spine revealed no abnormalities. Id. 258. In her objections, Davis does not cite a medical record in which a physician diagnosed Davis with cervical degenerative disc disease. See Pl.'s Obj. 2–3. Davis also cites no evidence suggesting that any physician ever treated her for this condition. See id.; Tr. 353. Rather, the medical records that Davis cites reflect her physicians' concerns that Davis had lupus. See Pl.'s Obj. 2–3; Tr. 289–92. Likewise, when Davis testified before the ALJ about the symptoms that she now claims support a diagnosis of cervical degenerative disc disease, she suggested that the symptoms supported a diagnosis of lupus. See id. 611–13. Moreover, the medical expert who testified at Davis's hearing considered all of the medical evidence and Davis's hearing testimony before opining that Davis did not suffer from an impairment that met or equaled any listed impairment. See Tr. 621–22. Furthermore, the ALJ and Judge Webb did not specifically address whether the cervical degenerative disc disease about which Davis now complains was severe because

---

[1] In finding that Davis had the RFC to perform light work, the ALJ gave limited weight to the state agency physician's conclusion based upon the ALJ's "careful review of the longitudinal record." Id. 23–24.

3

the evidence did not indicate that Davis suffered from such a condition. In light of the evidence, the ALJ and Judge Webb did not err. See 20 C.F.R. §§ 404.1520(c), 404.1521; Mastro v. Apfel, 270 F.3d 171, 178–79 (4th Cir. 2001); Byrd v. Apfel, No. 98-1781, 1998 WL 911718, at *2–5 (4th Cir. Dec. 31, 1998) (per curiam) (unpublished).

The ALJ exhaustively reviewed the medical evidence and appropriately analyzed each sequential step. As for step 4 of the sequential analysis, the ALJ did consider the November 14, 2006 MRI and the possible diagnosis relating to Davis's cervical spine in determining that Davis had the RFC to perform "a range of light work . . . ." Id. 16–25. In sum, the ALJ's findings at each step of the sequential evaluation are supported by substantial evidence. Id. 22–26.

Plaintiff's objections to the M&R [D.E. 26] are OVERRULED, and the court adopts the M&R [D.E. 25]. Accordingly, plaintiff's motion for judgment on the pleadings [D.E. 16] is DENIED, defendant's motion for judgment on the pleadings [D.E. 21] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 28 day of February 2012.

JAMES C. DEVER III
Chief United States District Judge

4

Case 4:10-cv-00184-D   Document 27   Filed 02/28/12   Page 4 of 4